United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARLON DERRILL BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-CV-00019 |
| | § | |
| CUERO POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Marlon Derrill Brooks, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Fourth Amendment claims for false arrest and unlawful seizure of a cell phone be **RETAINED** pending the resolution of Plaintiff's related criminal proceedings in the Dewitt County.[1]  The undersigned further respectfully recommends that all of Plaintiff's remaining claims against the **Cuero Police Department**

---

[1] In a separate order, the undersigned has stayed this case pending resolution of the related Dewitt County proceedings.

1 / 16

**and Steven Ellis** be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND ALLEGATIONS

Plaintiff is currently confined as a pretrial detainee at the Dewitt County Jail in Cuero, Texas.  Plaintiff sues the following defendants in this action: (1) the Cuero Police Department; and (2) Steven Ellis, the Chief of the Cuero Police Department. (D.E. 1, 5). In his original and amended complaints, Plaintiff alleges that his rights were violated during his recent arrest on December 1, 2022.  (D.E. 1, pp. 1-4; D.E. 5, p. 4).

At the Court's direction, Plaintiff has filed a More Definite Statement.  (D.E. 14). Plaintiff alleges the following pertinent facts in his Original Complaint (D.E. 1), Amended Complaint (D.E. 5), and More Definite Statement (D.E. 14).  Plaintiff was convicted in 2015 of family violence, a felony. (D.E. 1, p. 2).  About a year before the incident at issue, an individual identified by Plaintiff as Jason Gonzales accused Plaintiff of texting his cousin. (D.E. 14, p. 2).  Gonzales wrote violent threats on Facebook regarding how he would kill Plaintiff.  (*Id.*).

On November 31, 2022, Plaintiff spent the night at the apartment of his girlfriend, Marissa White, and step kids.  (D.E. 1, p. 1).  The next morning, Plaintiff drove everyone to get some food.  (*Id.*).  When they returned to the apartment, Plaintiff noticed Gonzales in another car with three other individuals.  (*Id.*).  The driver of the car was Jordan Baylock, and the other two passengers were Pierce Cisneros and Destiny Delossantos.  (D.E. 14, p. 2).  Gonzales was seated in the back seat behind Baylock.  (*Id.*).

The car driven by Baylock turned around and proceeded to block Plaintiff's car.  (D.E. 5, p. 4).  Gonzales exited his car with his gun drawn, verbally cursed, and pointed his weapon.  (D.E. 1, pp. 1-2).  After Plaintiff reached for his weapon, Gonzales opened fire at Plaintiff's car.  (*Id.* at 2).  Plaintiff returned fire, striking Gonzales three times in his right leg.  (*Id.*).  Plaintiff states that, due to the threats made against him, he felt the need to protect himself and the people around him.  (*Id.*).

Neither Plaintiff nor his family were struck by any bullets from Gonzales.  (D.E. 14, p. 2).  After the initial shooting incident, Plaintiff sheltered his family inside the house.  (*Id.* at 3).  Plaintiff called an individual named Dondre Hunt to tell him about the shots fired at him.  (*Id.*).  Plaintiff was subsequently shot at six times by an individual related to Gonzales and the three other people in the other car.  (*Id.*).

Police arrived within minutes after the shooting incident.  (*Id.*).  Plaintiff fled the scene due to being scared of retaliation.  (*Id.*).  Plaintiff tossed his pistol in the parking lot of the Executive Inn  Hotel.  (*Id.*).  When he returned to look for his pistol, he was detained at gunpoint by Officer Jesse Hernandez who requested Plaintiff to get on the ground until

Chief Ellis arrived as back-up. (*Id.*). Plaintiff was then placed in the squad car. (*Id.*). Chief Ellis informed Plaintiff that he could not have his cell phone as it would be used as part of the investigation. (*Id.* at 3-4). Plaintiff's car was towed to the DeWitt County impound. (*Id.* at 4).

According to Plaintiff, Baylock was taken into custody while Gonzales was transferred to a nearby hospital to receive medical attention for his bullet wounds. (*Id.*). The other individuals in the other car, Cisneros and Delossantos, provided statements to Chief Ellis. (*Id.*). Chief Ellis stated in an Affidavit of Seizure that drug investigation activities led to charges being filed against Plaintiff. (*Id.*; D.E. 1, p. 5). In connection with the incident on December 1, 2022, Plaintiff was charged with aggravated assault with a deadly weapon, unlawful possession of a firearm by a felon, and tampering with physical evidence. (D.E. 14, p. 1). Only Baylock has been charged with a crime, tampering with physical evidence, in connection with the December 1, 2022 incident. (*Id.* at 6).

Plaintiff claims that Chief Ellis violated his Fourth Amendment rights by: (1) taking his cell phone without a search warrant; and (2) refusing to conduct a full investigation of the December 1, 2022 incident. (*Id.* at 5). Plaintiff further claims that Chief Ellis discriminated against him by refusing to take his statement and lying about him being present at the Cuero Police Department facility. (*Id.* at 6). Plaintiff further appears to claim that Chief Ellis violated his girlfriend's First Amendment rights by not documenting her statement to the police or letting her press charges against Gonzales and the three individuals in the other car connected to the crime scene. (*Id.* at 5).

Plaintiff seeks monetary relief for pain and suffering.  (*Id.* at 6).  He further seeks dismissal of the aggravated assault charge as he was only acting in self-defense to protect his family.  (*Id.*).

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but

whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A. Cuero Police Department

The Cuero Police Department has been listed as a defendant in this case.  This entity, however, is not capable of being sued.  *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)).  Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the Cuero Police Department be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Sheriff Ellis in his official capacity, it is effectively a suit against the officials' office, Dewitt County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

A municipality such as Dewitt County is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires

deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation).  Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.  *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, Plaintiff fails to allege that Sheriff Ellis is a policymaker in Dewitt County or that an official county policy or practice was the "moving force" behind the violations of Plaintiff's constitutional rights.  Accordingly, it is respectfully recommended that Plaintiff's claims against Sheriff Ellis in his official capacity be dismissed with prejudice.

### C.      Fourth Amendment Claims

To state a Fourth Amendment claim for warrantless false arrest and pretrial confinement, the plaintiff must allege facts that the arresting officers lacked probable cause for detaining the arrested person pending further proceedings.  *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009).  Probable cause has been defined by the Supreme Court as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

The Fourth Amendment also prohibits unreasonable seizures.  U.S. Const. amend. IV.  A seizure of property within the meaning of the Fourth Amendment occurs when "there

is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)).   "A determination of whether a seizure is unreasonable, and therefore, in violation of the Fourth Amendment, involves a careful balancing of governmental and private interests."  *Blakely v. Andrade*, 360 F.Supp.3d 453, 481 (N.D. Tex. 2019) (citing *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985)).

Plaintiff claims that Chief Ellis violated his Fourth Amendment rights during the course of his arrest and detention by: (1) taking his cell phone without a search warrant; and (2) refusing to conduct a full investigation of the December 1, 2022 incident.  (D.E. 15, p. 5). Plaintiff's allegations reflect that he had been previously threatened physical harm by Gonzales before the incident on December 1, 2022, and that he only acted in self-defense to protect his family.  (D.E. 14, pp. 2, 6).  His allegations further appear to attack Chief Ellis's failure to conduct a proper investigation into the incident and false statement that "drug investigation activity" led to charges being filed against Plaintiff.  (*Id.* at 5).

 Plaintiff has alleged a sufficient factual basis to state Fourth Amendment false arrest and unlawful seizure claims against Chief Ellis in his individual capacity.  The issue of whether or not Chief Ellis violated Fourth Amendment Plaintiff's rights, or alternatively whether he acted reasonably and with cause, may be decided at a later stage of these proceedings in the event service is ordered. The actions of Chief Ellis will be understood with more clarity if service is ordered and the parties conduct discovery.

However, in determining whether Plaintiff's Fourth Amendment claims of false arrest and unlawful seizure should be retained, it is necessary to consider whether they are barred by the holding set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87.  A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983.  *Id.*  If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*  The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Plaintiff's allegations reflect that he was formally charged in Dewitt County with aggravated assault with a deadly weapon, unlawful possession of a firearm by a felon, and tampering with physical evidence.  (D.E. 14, p. 1).  These charges, according to Plaintiff,

remain pending in Dewitt County.  Plaintiff's claims of Fourth Amendment violations against Chief Ellis may, if true, implicate the validity of these charges.  *See Hudson v. Hughes, 98 F.3d 868, 872-73 (5th Cir. 1996)* (holding that allegations of false arrest are not cognizable under the *Heck* doctrine if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *Blakely*, 360 F.Supp.3d at 474 (explaining that, because plaintiff's claims of false arrest, excessive force, and illegal search and seizure appear to be related to rulings that will likely be made in his pending criminal trial, *Heck* may bar such claims if he is convicted of his pending charge).

The Fifth Circuit Court of Appeals has held that, to the extent a plaintiff's allegations concern pending criminal charges, a dismissal under *Heck* is premature and, therefore, erroneous.  *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Brown v. Taylor*, 139 F. App'x 613 (5th Cir. 2005).  Instead, the district court should stay the § 1983 proceedings until the state criminal proceeding has run its course.  *Mackey*, 47 F.3d at 746.

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).  If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent

11 / 16

some other bar to suit.  *Id.* at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *Heck*, 512 U.S. at 487.

Accordingly, the undersigned recommends that Plaintiff's Fourth Amendment claims of false arrest and unlawful seizure of a cell phone, arising from the December 1, 2022 incident, be retained.  However, because the criminal charges arising from that incident remain pending against Plaintiff, this case should be stayed in accordance with the authorities set forth above.  By separate order, the undersigned will stay this case until the criminal proceedings are concluded.  Once the relevant criminal proceedings against Plaintiff are resolved, the undersigned with either order service or enter a supplemental memorandum and recommendation.

### D.     Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 353 (5th Cir. 2017) (internal quotation marks and citations omitted); *see Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016).  To establish an equal protection claim, a plaintiff must first demonstrate that "two or more classifications of similarly situated persons were treated differently." *Duarte*, 858 F.3d at 353 (internal quotation marks and citations omitted).

With regard to asserting a discrimination claim under the Equal Protection Clause, a plaintiff must plausibly allege: (1) "that he was treated differently than persons similarly

situated to him;" and (2) "that such treatment stemmed from discriminatory intent." *Anokwuru v. City of Houston*, 990 F.3d 956, 965 (5th Cir. 2021). "To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment an selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (internal citation and quotation marks omitted).

Liberally construed, Plaintiff claims that Chief Ellis discriminated against him in violation of his equal protection rights by refusing to take his statement and lying about him being present at the Cuero Police Department facility. (D.E. 14, p. 6). Plaintiff, however, has failed to allege any facts to suggest he was treated differently from persons similarly situated to him. *See Anokwuru*, 990 F.3d at 965. Plaintiff alleges no facts to indicate that he is part of an identifiable group that is different from the other individuals present at the crime scene on December 1, 2022. He further offers no allegations to show that any other individual at the crime scene shot another individual three times with a gun, fled the crime scene, and tried to toss away his or her weapon. Thus, Plaintiff has not alleged the existence of a similarly situated comparator to show that he was singled out for being part of an identifiable group.

Furthermore, Plaintiff has provided no allegations to suggest that Chief Ellis was motivated by a discriminatory intent in investigating the December 1, 2022 incident and charging Plaintiff with various criminal offenses. His conclusory allegations of discrimination are insufficient to show such intent. *See Iqbal*, 556 U.S. at 678 (internal

citation omitted ("Threadbare recitals of the elements of a cause of action, supported by conclusory statements, do not suffice."); *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir.1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim). Plaintiff, therefore, has failed to state a plausible equal protection claim against Chief Ellis. Accordingly, the undersigned respectfully recommends that Plaintiff's equal protection claim against Chief Ellis be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### E.   Claims Brought on Behalf of His Girlfriend

Plaintiff appears to claim that Chief Ellis violated his girlfriend's First Amendment rights by not documenting her statement to the police or letting her press charges against Gonzales and the three individuals in the other car connected to the crime scene. (D.E. 14, p. 5). A litigant is authorized to proceed in federal court as his or her own counsel. 28 U.S.C. § 1654. However, an individual who does not "hold a law license may not represent other parties even on a next-friend basis." *Horttor v. Livingston*, No. 1:16-CV-214, 2019 WL 2287903, at \*3 (N.D. Tex. May 29, 2019) (citing *Martin v. City of Alexandria*, 198 F. App'x 344, 346 (5th Cir. 2006)). Plaintiff, therefore, is not authorized to assert claims on behalf of his girlfriend. Accordingly, the undersigned respectfully recommends that Plaintiff's claims brought on behalf of his girlfriend be dismissed as frivolous.

## V.     RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that Plaintiff's Fourth Amendment claims for false arrest and unlawful seizure of a cell phone be **RETAINED** pending the resolution of Plaintiff's criminal proceedings in the Dewitt County.   The undersigned further respectfully recommends that all of Plaintiff's remaining claims against the **Cuero Police Department and Steven Ellis** be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted on April 6, 2023.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).