Case 6:23-cv-00019  Document 23  Filed on 11/09/23 in TXSD  Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARLON DERRILL BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:23-CV-00019 |
| | § | |
| CUERO POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION
TO DISMISS ONE FOURTH AMENDMENT CLAIM AND RETAIN CASE**

Plaintiff Marlon Derrill Brooks, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case remains subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. BACKGROUND

In a Memorandum and Recommendation issued on April 6, 2023 ("April 6, 2023 M&R"), the undersigned recommended to United States District Judge David S. Morales that Plaintiff's: (1) Fourth Amendment claims for false arrest and unlawful seizure of a cell

phone against the Chief of the Cuero Police Department, Steven Ellis, in his individual capacity be retained; and (2) remaining claims against the Cuero Police Department and Chief Ellis be dismissed with prejudice. (D.E. 16). The undersigned then stayed this action, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995), pending resolution of Plaintiff's related criminal proceeding in Dewitt County where he was charged with aggravated assault with a deadly weapon, unlawful possession of a firearm by a felon, and tampering with physical evidence in connection with an incident occurring on December 1, 2022. (D.E. 17).

Plaintiff has filed a letter indicating that his Dewitt County criminal proceeding has been resolved at the trial court level and that he would like to continue with this lawsuit. (D.E. 20). Accordingly, the stay was lifted in a separate order.

In the April 6, 2023 M&R, the undersigned set forth the procedural background, Plaintiff's relevant allegations, as well as the legal standard for screening Plaintiff's action under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). (D.E 16, pp. 2-6). Those sections of the April 6, 2023 M&R are incorporated by reference herein. The undersigned now will consider whether either or both of Plaintiff's Fourth Amendment claims are subject to dismissal as *Heck*-barred in light of the conclusion of the Dewitt County criminal proceeding.

### III.   DISCUSSION

To state a Fourth Amendment claim for warrantless false arrest and pretrial confinement, the plaintiff must allege facts that the arresting officers lacked probable cause

for detaining the arrested person pending further proceedings. *O'Dwyer v. Nelson*, 310 F. App'x 741, 745 (5th Cir. 2009). Probable cause has been defined by the Supreme Court as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

The Fourth Amendment also prohibits unreasonable seizures. U.S. Const. amend. IV. A seizure of property within the meaning of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). "A determination of whether a seizure is unreasonable, and therefore, in violation of the Fourth Amendment, involves a careful balancing of governmental and private interests." *Blakely v. Andrade*, 360 F.Supp.3d 453, 481 (N.D. Tex. 2019) (citing *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985)).

Plaintiff alleges that, on December 1, 2022, he was involved in a violent altercation with Jason Gonzales ("Gonzales") in the parking lot of an apartment complex where Plaintiff's girlfriend and her step kids lived. (D.E. 1, p. 1-2; D.E. 5, p. 4; D.E. 14, p. 2). Plaintiff was arrested and detained in connection with this incident by Chief Ellis. (D.E. 14, p. 3). Plaintiff claims that Chief Ellis violated his Fourth Amendment rights during the course of his arrest and detention by: (1) taking his cell phone without a search warrant; and (2) refusing to conduct a full investigation of the December 1, 2022 incident. (D.E.

14, p. 5). Plaintiff's allegations reflect that he had been previously threatened physical harm by Gonzales before the incident on December 1, 2022, and that he only acted in self-defense to protect his family. (D.E. 14, pp. 2, 6). His allegations further appear to attack Chief Ellis's failure to conduct a proper investigation into the incident and false statement that "drug investigation activity" led to charges being filed against Plaintiff. (*Id.* at 5).

In determining whether Plaintiff's Fourth Amendment claims of false arrest and unlawful seizure should be retained past screening, it is necessary to consider whether they are *Heck*-barred. In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton Cnty., Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Following his arrest and detention, Plaintiff was formally charged in Dewitt County with aggravated assault with a deadly weapon, unlawful possession of a firearm by a felon, and tampering with physical evidence. (D.E. 14, p. 1). Plaintiff has informed the Court that he entered into a plea agreement in which he pled guilty to the felon in possession charge with a seven-year sentence in exchange for the Dewitt County District Attorney to drop the other two charges. (D.E. 20, p. 1; D.E. 20-1).

Liberally construed, Plaintiff's Fourth Amendment claim that Chief Ellis refused to conduct a full investigation into the December 1, 2022 incident suggests that he lacked probable cause to arrest and charge Plaintiff with the three crimes detailed above. This claim is essentially a collateral attack on the validity of the criminal judgment entered against Plaintiff under the plea agreement. *See Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012). The fact that Plaintiff was not convicted of every charge brought against him is immaterial to the *Heck* analysis. *Id.* ("The specific crimes charges are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to collide with the criminal judgment.").

Plaintiff's Fourth Amendment claim regarding Chief Ellis's failure to investigate is an attack on probable cause and focuses on the validity of his arrest. Any ruling in Plaintiff's Fourth Amendment claim against Chief Ellis for failing to investigate would necessarily imply the invalidity of his conviction for being a felon in possession of a firearm. *Heck*, 512 U.S. at 487; *Cormier*, 493 F. App'x at 583. Since no court has reversed or otherwise invalidated Plaintiff's conviction, this Fourth Amendment claim against Chief

Ellis seeking monetary relief is barred by *Heck* as premature. *See Heck*, 512 U.S. at 487. Accordingly, the undersigned recommends that same be dismissed with prejudice as frivolous against Chief Ellis in his individual capacity until such time as Plaintiff satisfies the conditions set forth in *Heck*.[1]

With regard to Plaintiff's Fourth Amendment claim challenging Chief Ellis's warrantless seizure of his cell phone, Plaintiff alleges no facts to suggest a connection between the seizure of the cell phone and the subsequent criminal conviction in Dewitt County. Further factual and legal development of this issue is necessary to determine whether Chief Ellis's seizure of the cell phone was used in the Dewitt County criminal proceeding or otherwise implicated the criminal judgment. *See Moore v. Houston Police Dept.*, No. H-17-2505, 2018 WL 4443140, at *4 (S.D. Tex. Aug. 15, 2018) (Johnson, M.J.), *recommendation adopted* 2018 WL 4440537 (S.D. Tex. Sep. 17, 2018) (Lake, J.) (concluding "that a successful judgment [on] the wrongful seizure of [p]laintiff's phone may coexist with the marijuana conviction").

Accordingly, the undersigned recommends that Plaintiff's Fourth Amendment claim regarding the unlawful seizure of a cell phone, arising from the December 1, 2022 incident, be retained against Chief Ellis in his individual capacity.

---

[1] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## IV.     RECOMMENDATION

For the reasons discussed above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully **SUPPLEMENTS** the April 6, 2023 M&R with the following recommendations: (1) Plaintiff's Fourth Amendment claim against Chief Ellis for false arrest, in connection with his failing to investigate the December 1, 2022 incident, be **DISMISSED with prejudice** against Chief Ellis in his individual capacity until such time as Plaintiff satisfies the conditions set forth in *Heck*; and (2) Plaintiff's Fourth Amendment claim regarding the unlawful seizure of a cell phone, arising from the December 1, 2022 incident, be **RETAINED** against Chief Ellis in his individual capacity. The undersigned will order service separately on Chief Ellis with respect to the Fourth Amendment claim retained in this case.

Respectfully submitted on November 9, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).